MR. JUSTICE MORRISON,
concurring:
I concur in the result but wish to add these comments.
Justice Hunt has done an able job in his dissent, of demonstrating the similarity between “intent” and “willful conduct”. There is sufficient evidence in this record to allow a factual determination if we apply a “willful” standard. The conscious disregard of others is the type of conduct that rises to the level of willfulness and were we to adopt such a standard for Workers’ Compensation purposes this case should be permitted to go to a jury for resolution of the liability and damage questions.
I believe the legislature intended Workers’ Compensation to be the exclusive remedy except in those situations where the defendant’s conduct arose from specific intent rather than willfulness. In other words, an assault would allow a personal injury action. Gross negligence, such as we have here, would not.
Were we to open the door for personal injury actions where the defendant’s conduct rises to a level of gross negligence or willfulness, I can foresee personal injury actions in many Workers’ Compensation cases. Although there may be a basis in sound public policy for allowing this, I do not believe that is what the legislature intended.